1  J. Andrew Coombs (SBN 123881)
   *andy@coombspc.com*
2  Annie S. Wang (SBN 243027)
   *annie@coombspc.com*
3  J. Andrew Coombs, A P. C.
   517 East Wilson Avenue, Suite 202
4  Glendale, California 91206
   Telephone: (818) 500-3200
5  Facsimile:  (818) 500-3201

6  Attorneys for Plaintiff Nike, Inc.

7  William Moeller
   1108 Ulao Parkway
8  Grafton, Wisconsin 53024
   Telephone: (262) 689-5817
9
10 Defendant, *in pro se*

   Lisa Moeller
11 1108 Ulao Parkway
   Grafton, Wisconsin 53024
12 Telephone: (262) 689-5817

13 Defendant, *in pro se*

14 KEJ Enterprises
   c/o William Moeller
15 1108 Ulao Parkway
   Grafton, Wisconsin 53024
16 Telephone: (262) 689-5817

17 Defendant, *in pro se*

E-FILED 03-20-09
JS-6

18                UNITED STATES DISTRICT COURT

19                CENTRAL DISTRICT OF CALIFORNIA

20
21  Nike, Inc.,                          )   Case No. CV09-0730 GHK (JCx)
                                         )
22              Plaintiff,               )   [~~PROPOSED~~] CONSENT
                                         )   DECREE PURSUANT TO
23       v.                              )   STIPULATION
                                         )
24  William Moeller, Lisa Moeller, KEJ   )
    Enterprises and Does 1 – 10, inclusive, )
25                                       )
                Defendants.              )

26

27  / / /                NOTE: CHANGES MADE BY THE COURT

28

The Court, having read and considered the Joint Stipulation for Permanent Injunction that has been executed by Plaintiff Nike, Inc. ("Nike" or "Plaintiff") and Defendants William Moeller, Lisa Moeller and KEJ Enterprises ("Defendants") in this action:

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Permanent Injunction ==based on the parties' stipulation and as to the parties defined herein only== shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2) Service of process was properly made on the Defendants.

3) Nike owns or controls the pertinent rights in and to the trademarks listed in Exhibit "A" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks").

4) Defendants have made unauthorized uses of the Nike Trademarks or substantially similar likenesses or colorable imitations thereof.

5) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

    a) Infringing the Nike Trademarks, either directly or contributorily, in any manner, by:

        i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks ("Unauthorized Products");

    ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks;

    iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Nike, are sponsored, approved or licensed by Nike, or are affiliated with Nike;

    iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Nike.

6) Defendants are ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of the Nike Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

7) Except for the allegations contained herein, the claim alleged in the Complaint against Defendants by Nike are dismissed with prejudice.

8) This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

9)     The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

9)     The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10)    The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendants, be reopened should Defendants default under the terms of the Settlement Agreement.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11) This Court shall retain jurisdiction over the Defendants for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED: 3/20/09

_____
Hon. George H. King
Judge, United States District Court for the Central District of California

PRESENTED BY:
J. Andrew Coombs, A. P. C.

By: _____
      J. Andrew Coombs
      Annie Wang
Attorneys for Plaintiff Nike, Inc.

William Moeller

By: _____
      William Moeller
Defendant, *in pro se*

Lisa Moeller

By: _____
      Lisa Moeller
Defendant, *in pro se*

KEJ Enterprises

By: _____

Nike v. Moeller, et al.: Proposed Consent Decree        - 5 -

William Moeller
Defendant, *in pro se*

# EXHIBIT A

Nike Registrations

| Trademark | Registration Number | Registration Date |
|---|---|---|
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Air Jordan® | 1,370,283 | November 12, 1985 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| Jump Man device | 1,742,019 | December 22, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |
| AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| Nike® | 2,196,735 | October 13, 1998 |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 |

| | | |
|---|---|---|
| Stylized "B" | 2,476,882 | August 14, 2001 |
| NIKE ALPHA PROJECT as device | 2,517,735 | December 11, 2001 |
| WAFFLE RACER | 2,652,318 | November 19, 2002 |
| PHYLITE | 2,657,832 | December 10, 2002 |
| TRUNNER | 2,663,568 | December 17, 2002 |
| DRI-STAR | 2,691,476 | February 25, 2003 |
| PRESTO | 2,716,140 | May 13, 2003 |
| TRIAX | 2,810,679 | February 3, 2004 |
| WAFFLE TRAINER | 2,893,674 | October 12, 2004 |
| THERMA-STAR | 2,960,844 | June 7, 2005 |
| NIKE SHOX | 2,970,902 | July 19, 2005 |
| Basketball player outline | 2,977,850 | July 26, 2005 |
| NIKEFREE | 3,087,455 | May 2, 2006 |